UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No.: 3:25-cv-00264

| | |
|---|---|
| LAURA NANCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | **(Jury Trial Demanded)** |
| FRIDABABY, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Laura Nance ("Plaintiff") brings this action pursuant to 15 U.S.C. §§ 1114, 1125(a), and 1119, the common law, and N.C. Gen. Stat. § 75-1.1, *et seq.*, seeking injunctive relief and damages against Defendant Fridababy, LLC ("Defendant") for trademark infringement, dilution, and related claims.

## PARTIES

1. Plaintiff Laura Nance is an individual residing in Charlotte, North Carolina.

2. On information and belief, Defendant Fridababy, LLC is a Delaware limited liability company with a principal place of business at 82 NE 26th Street #102, Miami, Florida 33137.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a)–(b), and 1367.

4. On information and belief, Defendant has and continues to regularly and intentionally conduct business in this District and Division by, *inter alia*, offering for sale, selling, and distributing goods bearing the infringing mark nationwide, including within this District and

1

Division. Upon information and belief, Defendant sells its goods bearing the infringing mark via Amazon.com, Hipbabygear.com, Cascadehealth.com, and through other e-commerce platforms and third-party retailers, including the Walmart located at 9820 Callabridge Ct, Charlotte, NC 28216.

5. Attached as <u>Exhibit 1</u> are examples of Defendant offering its goods for sale throughout the United States, including within this District and Division.

6. Accordingly, this Court has personal jurisdiction over Defendant consistent with the principles underlying the U.S. Constitution and N.C. Gen. Stat. § 1-75.4.

7. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

*Plaintiff's Business and Service Mark*

8. Plaintiff is an owner and educator at Laura Nance Education and Coaching, LLC, a North Carolina limited liability company that provides a variety of services related to childbirth and family support.

9. Plaintiff has worked as a doula for over twenty (20) years and currently serves as a postpartum doula, lactation educator/counselor, new parent educator, perinatal fitness instructor, and sleep educator.

10. Plaintiff is the owner of common-law rights in the service mark PREPARE TO PUSH. Since at least as early as October 7, 2014, Plaintiff and/or her predecessor-in-interest ("Predecessor") have used the PREPARE TO PUSH mark in connection with services related to childbirth and family support.

2

11. Plaintiff acquired by assignment the PREPARE TO PUSH trademark, together with all right, title, interest, and goodwill associated therewith, on October 12, 2022. A true and correct copy of the Trademark Assignment is attached hereto at <u>Exhibit 2</u>.

12. Through Plaintiff's longstanding and continuous use of the PREPARE TO PUSH mark, this mark has developed invaluable goodwill.

13. Plaintiff is the owner of the U.S. Trademark Registration No. 5,855,293 for the mark PREPARE TO PUSH ("Plaintiff's Registration"), which registration issued on September 10, 2019, from an application filed October 23, 2018, and recites "education services, namely, providing live and on-line classes, seminars, workshops, and training programs in the field of prenatal and postnatal fitness and wellness for women; educational services, namely, developing, arranging, and conducting educational conferences and programs and providing courses of instruction in the field of prenatal and postnatal fitness and wellness for women; providing personal fitness training for pregnant women and postnatal women" in International Class 41 ("Plaintiff's Services"). A true and correct copy of the registration certification for U.S. Trademark Registration No. 5,855,293 is attached at <u>Exhibit 3.</u>

14. Plaintiff's Registration is valid and subsisting in law, was duly and legally issued, and constitutes *prima facie* evidence of the validity of the registered PREPARE TO PUSH mark and the corresponding Plaintiff's Registration, of Plaintiff's ownership of the registered PREPARE TO PUSH mark and of Plaintiff's exclusive right to use the registered PREPARE TO PUSH mark in connection with Plaintiff's Services recited in the corresponding Plaintiff's Registration pursuant to Section 7(b) of the Trademark Act of 1946 (the "Act"), 15 U.S. C. § 1057(b).

15. Plaintiff's Registration constitutes constructive notice of Plaintiff's ownership of the registered PREPARE TO PUSH mark pursuant to Section 22 of the Act, 15 U.S.C. § 1072.

16. Plaintiff's Registration for her PREPARE TO PUSH mark is incontestable pursuant to Section 15 of the Act, 15 U.S.C. § 1065. Therefore, pursuant to Section 33(b) of the Act, 15 U.S.C. § 1115(b), the registration constitutes *conclusive* evidence of the validity of the registered PREPARE TO PUSH mark, Plaintiff's ownership of the PREPARE TO PUSH mark, and Plaintiff's exclusive right to use the registered PREPARE TO PUSH mark in commerce in the United States in connection with Plaintiff's Services recited in Plaintiff's Registration.

*Defendant's Business and Infringing Activity*

17. On information and belief, Defendant describes itself as a business that works "to make tackling the not so glamorous aspects of parenting a little bit easier – from pregnancy pains in the bump to potty training troubles (and pretty much everything in between)."

18. Defendant uses the mark PREPARE TO PUSH ("Defendant's Infringing Mark") in connection with the sale, offering for sale, distribution, and/or advertising of a perineal massage wand that helps pregnant women "ace the stretch rehearsal to reduce your risk of tearing during delivery and impact your postpartum recovery."

19. Defendant uses Defendant's Infringing Mark on its website and social media pages, such as Facebook and Instagram. Examples of these infringing uses are as follows:

4







20. On information and belief, Defendant has used Defendant's Infringing Mark in the Western District of North Carolina.

21. Defendant filed Application Serial No. 98/435,497 ("Defendant's Application," attached hereto as <u>Exhibit 4</u>) on May 6, 2024, to register the mark PREPARE TO PUSH under Section 1(a) of the Act, 15 U.S.C. § 1051(a), with a claimed date of first use in U.S. commerce of February 14, 2023, in connection with "massage apparatus; massage sticks" in International Class 10 ("Defendant's Goods").

22. Defendant's Infringing Mark is identical to Plaintiff's mark in appearance, sound, meaning, and overall commercial impression.

23. Defendant's Goods are similar to, overlap with, and/or are related to Plaintiff's Services.

24. On information and belief, Defendant's Services are and/or are expected to be marketed to similar, if not the same, consumers and distributed through similar, similar, if not the same, channels of distribution as Plaintiff's Services.

*Related Proceedings*

25. On February 5, 2025, Plaintiff initiated Opposition No. 91296754 against Defendant's Application before the Trademark Trial and Appeal Board, on the basis of likelihood of confusion with Plaintiff's Registration ("Opposition").

26. Upon information and belief, during the pendency of the Notice of Opposition, Defendant has continued to use the infringing PREPARE TO PUSH mark in connection with the sale, offering for sale, distribution, and/or advertising of massage wands and massage sticks for pregnant women, including perineal massage wands.

# COUNT I
# TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114

27. Plaintiff realleges and incorporates by reference each of the above paragraphs.

28. Plaintiff owns valid and enforceable rights in the PREPARE TO PUSH mark, as reflected in Plaintiff's Registration, and has the exclusive right to use the PREPARE TO PUSH mark in commerce in connection with Plaintiff's Services.

29. Defendant has, without Plaintiff's consent, used in United States commerce an identical PREPARE TO PUSH mark in a manner that is likely to cause confusion, or to cause mistake, or to deceive, in violation of 15 U.S.C. § 1114(1)(a).

30. Defendant uses Defendant's Infringing Mark in the geographical territory in which Plaintiff uses Plaintiff's PREPARE TO PUSH mark.

31. There is no issue as to priority of use. Prior to Defendant's (i) filing the Defendant's Application and (ii) claimed date of first use of the PREPARE TO PUSH mark in U.S. commerce in connection with Defendant's Goods, Plaintiff's PREPARE TO PUSH mark was used throughout the United States in connection with services that are similar to, overlap with, and/or are related to Defendant's Goods.

32. As a result of the similarity of the parties' marks, and the overlapping nature of the parties' goods and services, relevant markets, channels of distribution, and consumers, the use and concurrent registration of Defendant's Infringing Mark in connection with Defendant's Goods and Plaintiff's PREPARE TO PUSH mark in connection with Plaintiff's Services is likely to cause confusion, deception, and/or mistake as to the source, and will result in irreparable damage to Plaintiff as a result of the likelihood of confusion plead herein.

33. On information and belief, Defendant's actions have been and continue to be intentional, willful, and in complete disregard of Plaintiff's rights.

34. Defendant's infringing activities have and continue to cause damage to Plaintiff by, *inter alia*, harming Plaintiff's sales, Plaintiff's goodwill and the reputation of Plaintiff.

35. Defendant's unlawful conduct has irreparably harmed Plaintiff, and Plaintiff has no adequate remedy at law to redress these injuries.

36. Plaintiff is entitled to monetary damages in an amount to be proven at trial pursuant to 15 U.S.C. § 2227.

## COUNT II
## UNFAIR COMPETITION – 15 U.S.C. § 1125(A)

37. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

38. Defendant's use in United States commerce of the PREPARE TO PUSH mark in connection with the sale, offering for sale, distribution, and advertising of massage wands and massage sticks for pregnant women is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of such Defendant's goods by Plaintiff, in violation of 15 U.S.C. § 1125(a)(1)(A).

39. Defendant has competed unfairly with Plaintiff and realized unjust profits as a result of its unfair competition.

40. Defendant has knowingly and willfully infringed Plaintiff's rights in the PREPARE TO PUSH mark by virtue of Defendant's use in United States commerce of the PREPARE TO PUSH mark in connection with the sale, offering for sale, distribution, and/or advertising of massage wands for pregnant women.

41. As a result of Defendant's acts of unfair competition as alleged herein, Plaintiff has and continues to suffer damages, including loss of sales and profits, and irreparable injury to Plaintiff's reputation and goodwill.

42. Plaintiff is entitled to damages in an amount to be proven at trial, pursuant to 15 U.S.C. § 1117.

## COUNT III
## UNFAIR AND DECEPTIVE TRADE PRACTICES – N.C. GEN. STAT. § 75-1.1 *et seq.*

43. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

44. Defendant's acts alleged herein have been and continue to be willful, reckless, wanton, egregious, unfair, unethical, deceptive, and unscrupulous.

45. Defendant's conduct, which is in or affecting commerce, constitutes unfair methods of competition and/or unfair and deceptive acts or practices within the meaning of N.C. Gen. Stat. § 75-1.1 and North Carolina common law.

46. Plaintiff has been and continues to be damaged by Defendant's conduct and is entitled to monetary and injunctive relief pursuant to N.C. Gen. Stat. § 75-1.1 et seq. and other applicable law, such as an award of monetary damages, including the amount of the actual losses caused to Plaintiff by Defendant's unfair competition, lost profits, disgorgement of the unfair gains and other unjust enrichment benefiting Defendant, attorney's fees and costs pursuant to N.C. Gen. Stat. § 75-16.1, and treble damages pursuant to N.C. Gen. Stat. § 75-16, together with any and all amounts to be shown at trial.

## COUNT IV
## COMMON-LAW TRADEMARK INFRINGEMENT

47. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

48. Plaintiff owns common-law rights in the PREPARE TO PUSH mark by virtue of Plaintiff's longstanding use and recognition by the public.

49. Defendant has and continues to, without Plaintiff's consent, use in United States commerce the PREPARE TO PUSH mark in connection with the advertisement, distribution, offer for sale, and/or sale of massage wands and massage sticks for pregnant women in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or to the origin, sponsorship, or approval of Defendant's Goods by Plaintiff.

50. By using the PREPARE TO PUSH mark in connection with the sale, offering for sale, distribution, and/or advertising of goods that are the same as or are related to the services offered by Plaintiff, to similar, if not the same, consumers in similar, if not the same, channels of trade, Defendant has and continues to infringe upon Plaintiff's rights in the PREPARE TO PUSH mark.

51. As a result of Defendant's infringement, Plaintiff has been and continues to be unjustly enriched, and Plaintiff has and continues to suffer damages, including lost sales, lost profits, and lost goodwill.

52. Plaintiff is entitled to monetary damages in an amount to be proven at trial.

## COUNT V
## REJECTION OF APPLICATION – 15 U.S.C. § 1119

53. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

54. Defendant's Application should be rejected due to the likelihood of confusion between Plaintiff's registered PREPARE TO PUSH mark for Plaintiff's Services and the PREPARE TO PUSH mark set forth in Defendant's Application for Defendant's Goods.

55. This Court has the power to "determine the right to registration." 15 U.S.C. § 1119.

56. This Court should order the rejection of Defendant's Application pursuant to 15 U.S.C. § 1119.

## JURY DEMAND

57. Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor as follows:

A. Permanently enjoin Defendant, its officers, agents, representatives, employees, and those persons acting in concert or participation with Defendant, from using the PREPARE TO PUSH mark, and other mark, word, name, symbol, or slogan which is likely to cause confusion, mistake, or deception with respect to Plaintiff's PREPARE TO PUSH mark, pursuant to U.S.C. § 1116(a);

B. Order Defendant to pay all actual damages suffered by Plaintiff as a result of Defendant's infringing activity, pursuant to 15 U.S.C. § 1117(a), N.C. Gen. Stat. §§ 75-1.1, et seq., and other applicable law;

C. Order Defendant to disgorge all profits attributable to Defendant's infringing activities, pursuant to 15 U.S.C. § 1117(a), N.C. Gen. Stat. §§ 75-1.1, et seq., and other applicable law;

D. Grant Plaintiff a monetary award against Defendant to account for Defendant's unlawful conduct;

E. Grant Plaintiff actual damages, treble damages, enhanced damages, and attorney's fees due to the willful, reckless, wanton, egregious, unfair, unethical, deceptive, and unscrupulous conduct of Defendant, pursuant to 15 U.S.C. § 1117(a) and (b), N.C. Gen. Stat. §§ 75-1.1, et seq., and other applicable law;

F. Order that Defendant pay the costs of this action, pursuant to 15 U.S.C. § 1117(a), N.C. Gen. Stat. §§ 75-1.1, et seq., and other applicable law;

G. Grant Plaintiff equitable relief in order to stop the harm caused to Plaintiff

H. Grant Plaintiff pre-judgment and post-judgment interest; and

I. Grant such other and further relief as this Court deems just and equitable.

Date: April 16, 2025

Respectfully submitted,

**BRADLEY ARANT BOULT CUMMINGS LLP**

/s/ *Matthew S. DeAntonio*
Matthew S. DeAntonio (NC Bar No. 39625)
Sarah Beth Cain (NC Bar No. 60797)
214 North Tryon Street, Suite 3700
Charlotte, NC 28202
Telephone: (704) 338-6115
Emails: mdeantonio@bradley.com
scain@bradley.com

*Attorney for Plaintiff Laura Nance*